UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BURTON W. WIAND, as Receiver for
VALHALLA INVESTMENT PARTNERS,
L.P.; VIKING FUND, LLC; VIKING IRA
FUND, LLC; VICTORY FUND, LTD.;
VICTORY IRA FUND, LTD., AND
SCOOP REAL ESTATE, L.P.,

        Plaintiff,

vs.                                  Case No. 8:10-CV-205-T-EAK-MAP

SAMUEL ROSS MORGAN, III,

        Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

This cause is before the Court on the report and recommendation (R&R) issued by Magistrate Judge Mark A. Pizzo on December 17, 2012 (Doc. 124). The magistrate judge recommended that: 1) the Receiver's motion for summary judgment (Doc. 90) be granted and that the Clerk be directed to enter judgment for the Receiver and against Morgan in the amount of $380,369.00; 2) the Receiver's renewed motion for partial summary judgment (Doc. 61) be found to be moot; 3) the Receiver's motion to strike report of Defendants' designated expert, Harold McFarland, and to Preclude His Testimony at Trial (Doc. 99) be denied; 4) Morgan's motion for summary judgment relating to statute of limitations (doc. 89) be denied; 5) all pending motions be denied; and 6) the Clerk be directed to close the case. The R&R also recommended that the Receiver's request for pre-judgment interest be denied.

Pursuant to Rule 6.02, Rules of the United States District Court for the Middle District of Florida, the parties had fourteen (14) days after service to file written objections to the proposed findings and recommendations, or be barred from attacking the factual findings on appeal. Objections and responses to objections to the report and recommendation were filed (Docs. 126, 127, 128 and 129).

### **STANDARD OF REVIEW**

Under the Federal Magistrate's Act (the "Act"), Congress vested Article III judges with the power to authorize a United States Magistrate Judge to conduct evidentiary hearings. 28 U.S.C. § 636. A District Court Judge may designate a United States Magistrate Judge to conduct hearings, including evidentiary hearings, in order to submit proposed findings of fact and recommendations (i.. R & R) for the disposition of motions for injunctive relief. 28 U.S.C. § 636(b)(1)(B). Section 636(b)(1) also states that a judge of the court shall make a de novo determination of those portions of the R & R to which objection is made. 28 U.S.C. § 636(b)(1).

When a party makes a timely and specific objection to a finding of fact in the report and recommendation, the district court should make a de novo review of the record with respect to that factual issue. 28 U.S.C. § 636(b)(1); **U.S. v. Raddatz**, 447 U.S. 667 (1980); **Jeffrey S. v. State Board of Education of State of Georgia**, 896 f.2d 507 (11th Cir. 1990). However, when no timely and specific objections are filed, case law indicates that the court should review the findings using a clearly erroneous standard. **Gropp v. United Airlines, Inc.,** 817 F.Supp. 1558, 1562 (M.D. Fla. 1993).

**DISCUSSION**

A. Background

The Magistrate Judge filed an excellent Report and Recommendation, which this Court incorporates by reference. Therein he outlined the basics of this cause. He stated:

> This is one of many cases in this division emanating from a Securities Exchange Commission enforcement action aimed at dealing with the aftermath of a massive ponzi scheme perpetrated by Arthur Nadel, a hedge fund manager. *See S.E.C. v. Arthur Nadel, et al.,* Case No. 8:09-cv-87-T-26TBM. After the SEC's action and the appointment of Burton Wiand as the Receiver, Nadel pled guilty in the Southern District of New York to a fifteen count indictment charging him with securities fraud, mail fraud, and wire fraud surrounding the events precipitating the enforcement action. The Receiver has sued numerous hedge fund investors, including Samuel Ross Morgan ("Morgan"), seeking to claw back "false profits" under two theories grounded on the same illegal scheme the indictment tracks: avoidance of fraudulent transfers under Florida's Uniform Fraudulent Transfer Act, Fla. Stat. §§ 726.101,*et seq.* ("FUFTA"), and unjust enrichment.[1] Currently, the Receiver moves for summary judgment on a precise but critical issue to the determination of this action – Nadel operated the hedge funds and Traders as a ponzi scheme during the distributions of "false profits" to Morgan (*see* docs. 61, 90)... (R&R pgs. 1-2).

Further, the R&R concisely set out the question before the Court: "...the case-specific questions should be: Did Nadel operate the hedge funds and Traders as ponzi scheme when he made the distributions to Morgan, and if so, is the evidence so one-sided that the Receiver is entitled to summary judgment on this issue as a matter of law?" (R&R pg. 4).

The R&R sets out the following information as to the position of this defendant, Morgan, in the activity of Mr. Nadel:

> Morgan is one of the investors who experienced a net gain or "false profits." According to Yip, Morgan deposited $590,000 in Scoop between May 2005 and July 2005, but received no distributions from Scoop. He invested a total of $139,631 in Traders between 1999-2004, and received distributions in the amount of $460,000 from Traders between 2003-2005. He also invested $600,000 in Scoop Investments a/k/a Victory Fund between January 23, 2002, and February 27, 2003, and received distributions in the amount of $1,250,000. *See* Amended Complaint, doc. 15, Ex. A; Yip Decl.¶ 3, Sept. 28,

---

[1] These types of cases are often called "clawback" actions.

>   2012. Hence, these "false profits" amount to $380,369 (the amount received from the scheme in excess of the amounts invested).  *See* Yip Decl.¶ 3, Sept. 28, 2012.  There is no dispute as to whether Morgan received these distributions.  *See* Morello Decl.¶5, Ex. D and E (Morgan's responses to Receiver's First Set of Requests for Admissions), Sept. 28, 2012.... (R&R pgs. 19-20).

The Receiver seeks judgment from this Court in the amount of $380,369.00, the amount of the "false profits," and the Magistrate Judge recommends that the Court grant the request.  The Magistrate Judge succinctly says:

>   [T]he summary judgment record overwhelmingly points to the fact that Nadel operated the hedge funds as a ponzi scheme by the time Morgan received its first distribution in 2003.  In sum, the Receiver's forensic accountant confirms what Nadel admitted in his criminal proceedings and that court adjudicated.  Even when the summary judgment record is viewed in Morgan's favor, Morgan offers little to overcome the Receiver's properly supported motion.  (R&R pg. 13).

B. Objections

The Receiver filed objections to the R&R (Doc. 126) only as to the recommendation of the Magistrate Judge that the request for pre-judgment interest be denied.  The Receiver makes arguments not raised before the Magistrate Judge but the Court is not persuaded by those arguments.  The Court agrees with the R&R that:

>   An award (of prejudgment interest), however, is grounded in equity and not absolute. *Blasland, Bouck & Lee, Inc. v. City of North Miami*, 283 F.3d 1286, 1297-98 (11th Cir. 2002) (applying Florida law).  Florida courts apply various considerations when evaluating the equities: the extent the plaintiff's conduct contributed to the delay between the injury and judgment; whether the prevailing party failed to mitigate damages; in matters involving public bodies, and in choosing between innocent victims, it is inequitable to put the burden of paying interest on the public.  *Id.*  The list is obviously illustrative as each case is different.  But the driving focus demands balancing the equities at hand.  As the Florida supreme court (sic) has said: "interest is not recovered according to a rigid theory of compensation for money withheld, but is given in response to considerations of fairness.  It is denied when its exaction would be inequitable." *Flack v. Graham*, 461 So.2d 82, 84 (Fla. 1984) quoting *Board of Commissioners of Jackson County v. United States,* 308 U.S. 343, 352 (1939).  (R&R pgs. 36-36).

The Court find that the equities support the denial of the request for prejudgment interest.

The Defendant filed objections to the report and recommendation (Doc. 127) and the Receiver responded thereto (Doc. 129). The Defendant seeks denial of the motion for summary judgment on two bases: 1) the money transferred to the defendant was not "property" of Nadel under Florida Uniform Fraudulent Transfer Act (FUFTA), Section 726.101, *et seq*, Fla. Stat. and 2) whether reasonably equivalent value is exchanged for a transfer is a "fact intensive question for the jury." The Court finds the excellent analysis of the Report and Recommendation and the arguments of the Receiver persuasive on all of the issues raised in the objections of the defendant and incorporates them by reference herein.

The Court finds this case, along with the other Wiand cases, to be unfortunate all the way around. The people involved with Mr. Nadel and his schemes were many. Ms Yip opined that:

> ...Nadel, in combination with Christopher Moody and Neil Moody, raised $327 million from investors in connection with more than 700 investor accounts between May 1999 and January 2009. *See* Yip Decl. ¶¶ 47-48, March 23, 2012; Revisions to Yip Decl. ¶8, July 19, 2012... (R&R pg.16).

These people were injured and may never be made whole. The role of the Receiver in this case, and similar cases, is to "to bring suits under UFTA against ponzi scheme investors to the extent that investors have received payments in excess of the amounts invested and those payments are avoidable as fraudulent transfers. *Donell v. Kowell,* 533 F.3d 762, 770 (9th Cir. 2008) ('the policy justification is ratable distribution of remaining assets among all defrauded investors'). Hence, the innocent 'winners' in a ponzi scheme should not be permitted to 'enjoy an advantage over later investors sucked into the ponzi scheme who were not so lucky.' *Id.* citing *In re United Energy Corp.,* 944 F.2d 589, 596 (9th Cir. 1991)." (R&R pgs. 9-10).

The Court has reviewed the report and recommendation and made an independent review of the record. Upon due consideration, the Court concurs with the report and recommendation. Accordingly, it is

**ORDERED** that the report and recommendation, December 17, 2012 (Doc. 124) be **adopted** and **incorporated by reference**; the objections of both parties (Docs.126 and 127) be **overruled**; the Receiver's motion for summary judgment (Doc. 97) be **granted;** the Clerk is **directed** to enter judgment for the Receiver and against Samuel Ross Morgan, III, in the amount of $380,369.00; the Receiver's renewed motion for partial summary judgment (Doc. 61) be found to be **moot**; the Receiver's motion to strike report of Defendants' designated expert, Harold McFarland, and to Preclude His Testimony at Trial (Doc. 99) be **denied**; the defendant's motion for summary judgment relating to statute of limitations (Doc. 89) be denied; and the Receiver's request for pre-judgment interest be **denied**. The Clerk of Court is directed to close this case and to terminate any other pending motions.

**DONE and ORDERED** in Chambers, in Tampa, Florida, this 23rd day of January, 2013.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
All parties and counsel of record
Assigned Magistrate Judge